IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANDRA REDMOND, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 8:23-cv-00236-TJS |
| WALMART STORES, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Retail stores are not always responsible for their customers' injuries. In this case, the plaintiff was injured while shopping at a store, but evidence of injury alone is not sufficient to prove negligence on the part of the store and she has presented no evidence about what caused her injury. Also the plaintiff cannot prove that the store knew or should have known about any dangerous condition that might put her, as a customer, at risk. Because the plaintiff has no evidence to prove that the store was negligent, the defendant is entitled to summary judgment.

Pending before the Court are the following motions: Plaintiff Sandra Redmond's ("Ms. Redmond") Motion for Summary Judgment (ECF No. 24) and "Motion to Add Exhibits and Amendment to Plaintiff's Motion for Summary Judgment" (ECF No. 33), and Defendant Walmart Stores, Inc.'s ("Walmart") Cross-Motion for Summary Judgment (ECF No. 28).[1] Having considered the submissions of the parties (ECF Nos. 24, 28, 31, 32, 33 & 34), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Ms. Redmond's Motion (ECF No.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 13.

24) will be denied, Walmart's Cross-Motion (ECF No. 28) will be granted, and Ms. Redmond's Motion to Add Exhibits and Amend (ECF No. 33) will be denied.

I. INTRODUCTION

A. Factual Background

On December 21, 2019, Ms. Redmond went shopping for Coca-Cola at the Walmart store in California, Maryland. *See* ECF No. 5 at ¶ 6. As a lifelong consumer of Coca-Cola and a frequent shopper at the California Walmart store, Ms. Redmond knew where to find two-liter bottles of Coca-Cola. *See* ECF No. 28 at 2. Because the bottles of Coca-Cola were stocked on a shelf above her head, Ms. Redmond had to stand on her tiptoes to reach the soda. *See id*. The aisle was well-lit and nothing obstructed Ms. Redmond's view of the soda bottles or the shelf on which they stood. *Id.* Ms. Redmond did not observe anything broken, slanted, or defective about the shelf. *Id.* at 3. When Ms. Redmond took a Coca-Cola bottle off the shelf, the remaining bottles tumbled down onto her, causing her injury. *See* ECF No. 24 at 2. Ms. Redmond did not observe anything wrong with the shelf. She now drinks only Pepsi. ECF No. 28-2 at 5. From the time of the incident to when she filed her Complaint, Ms. Redmond communicated with various representatives involved with the Walmart Claims Department. *Id.*

B. Procedural History

Ms. Redmond filed her Complaint in the Circuit Court for St. Mary's County, Maryland, on December 16, 2022. *See* ECF No. 5. Walmart timely removed the case to this Court on the basis of diversity jurisdiction.[2] *See* 28 U.S.C. § 1332(a); ECF No. 1. A few weeks before the close of

---

[2] A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong

discovery, Ms. Redmond filed her Motion for Summary Judgment, and Walmart filed its Cross-Motion for Summary Judgment. ECF Nos. 24 & 28. After the motions for summary judgment were fully briefed, Ms. Redmond filed a "Motion to Add Exhibits and Amendment to Plaintiff's Motion for Summary Judgment" (ECF No. 33). All motions are ripe for decision.

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) . The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position "is insufficient to defeat a motion for summary judgment." *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). When reviewing cross-motions for summary judgment, each motion should be "considered individually, and the facts relevant to each must be viewed in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). A party may not rest on the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited

---

occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs Ms. Redmond's negligence claim.

do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### III.    DISCUSSION

#### A. The Parties' Cross-Motions for Summary Judgment

Ms. Redmond claims that Walmart was negligent. Walmart claims there is no dispute of material facts as a matter of law. Both parties claim that they are entitled to judgment in their favor. ECF Nos. 24 & 28. For the following reasons, however, only Walmart is entitled to summary judgment.

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted). As a preliminary matter, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).

Under Maryland law, "[a]n occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."[3] *Henley v.*

---

[3] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for purposes

4

*Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a landowner possesses a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland*, L.L.C., 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997); *see also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) ("The duty owed to an invitee is to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.") (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

A landowner is not an insurer of an invitee's safety while on its property. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965). If a customer is injured in a store, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted). "What will amount to sufficient time . . . involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of

---

connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972). The parties do not dispute that Ms. Redmond was an invitee of Walmart. *See* ECF No. 28 at 10.

5

knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. 586, 593 (citing *Deering Woods Condo Ass'n v. Spoon*, 377 Md. 250, 264 (2003)) (internal quotation marks omitted).

### 1. There Was No Dangerous or Defective Condition.

Neither party disputes that Walmart owed Ms. Redmond a duty as an invitee. However, Ms. Redmond presents no evidence to support her claim that Walmart breached its duty to her. *See* ECF No. 24 at 5; ECF No. 28 at 10. Ms. Redmond asserts that the soda shelf was "too slanted" but fails to provide evidence to support either (1) the shelf's alleged slant or (2) that this purported slant created an unreasonably dangerous or defective condition. *See* ECF No. 5 at 2. Neither Ms. Redmond nor any other witness observed that the shelf was slanted before or after the soda bottles fell onto her. And there is no evidence—from the personal observation of Ms. Redmond, or another witness, or from an expert opinion—that the shelf was broken or otherwise defective. *See* ECF No. 28, Ex. 2 at 8-9, 45, 57. Retail stores routinely display merchandise like two-liter soda bottles on shelves. Without evidence that the shelf holding the Coca-Cola bottles was somehow dangerous or defective, no reasonable jury could conclude that Walmart breached its duty to Ms. Redmond. Without evidence of what caused her injury, Ms. Redmond cannot prevail on her negligence claim. Accordingly, Walmart's Motion for Summary Judgment (ECF No. 28) is **GRANTED** and Ms. Redmond's Motion for Summary Judgment (ECF No. 24) is **DENIED**.

### 2. Even Assuming a Dangerous or Defective Condition, Walmart Had No Notice.

Even assuming that the shelves *were* unreasonably dangerous or defective, there is no evidence that Walmart had actual or constructive knowledge of the condition. Under Maryland law, "courts have been reluctant to conclude that [a] store owner had notice where it is unclear

how long the condition existed and the hazardous condition could have been created by a customer." *Deering Woods Condo.*, 377 Md. at 264. Here, Walmart asserts that it did not receive any reports of a defective shelf or items falling off the shelf in the day prior to Ms. Redmond's incident, and there is no other evidence to suggest that Walmart knew or should have known of a dangerous condition in the soda aisle. *See* ECF No. 28-1 at 9. Given the lack of evidence regarding both the shelf's potential danger and the duration of its condition, no reasonable jury could conclude that Walmart had actual or constructive notice of the condition.

Ms. Redmond points to another incident at a Walmart store in Virginia to show that Walmart had knowledge of the issue. *See* ECF No. 31 at 5, 8. But this incident occurred *after* Ms. Redmond's purported injury, and there is no nexus between the incident at the store in Virginia and the events giving rise to Ms. Redmond's Complaint. *See* ECF No. 28, Ex. 2 at 40. Even if the shelves at the Virginia Walmart store were determined to be "too slanted," there is no evidence that the shelves at the California Walmart store were similarly slanted or that Walmart had notice of the condition of the shelves before Ms. Redmond's purported injury. *See* ECF No. 28, Ex. 2 at 49-52; *see also* ECF No. 31 at 5.

Ms. Redmond appears to suggest that Walmart's actions after the incident confirmed its knowledge before the incident. This is not so. Ms. Redmond cites no evidence that would allow a reasonable jury to conclude that Walmart had knowledge of any dangerous or defective condition before she was injured. *See Groat v. Wal-Mart Stores, Inc.*, No. WGC-10-235, 2010 WL 5391515, at *10 (D. Md. Dec. 20, 2010) ("Mrs. Groat has not presented any evidence about 'time on the floor' nor is there any statement by a Wal–Mart employee indicating the store was aware of the dangerous condition before Mrs. Groat slipped and fell."); *see also Burwell v. Easton Mem'l Hosp.*, 83 Md. App. 684, 690 (1990) ("[*Keene v. Arlan's Department Store*, 35 Md. App. 250 (1977)] is

7

clearly distinguishable from the case before us in that, unlike the cashier in *Keene*, the nurse said nothing to indicate that she had been aware of the salad on the stairs before appellant fell.").

The same principle applies to the unidentified person that Ms. Redmond identified stocking a shelf at the opposite end of the aisle from her. Ms. Redmond has presented no evidence that would permit a reasonable jury to conclude that this person was a Walmart employee. But more importantly, the "proximity of a store employee to a dangerous condition is not in itself sufficient to establish actual knowledge of a dangerous condition." *Wiseman v Wal-Mart Stores, Inc.*, No. SAG-16-4030, 2017 WL 3334858, *4 (D. Md. Aug. 4, 2017); *see also Jones v. Shoppers Food Warehouse Corp.*, No. JKS-15-2096, 2016 WL 454951 at *2 (D. Md. Feb. 5, 2016) (holding that actual knowledge was not established even though a store manager was stacking boxes right beside the spot of the plaintiff's fall); *Konka v. Wal–Mart Stores, Inc.*, 133 F.3d 915 (Table), 1998 WL 24378, at *1 (4th Cir. 1998) (holding the mere fact that a store manager and an employee at the nearby counter were in close proximity to a wet spot on the floor is not, in itself, sufficient to establish notice).

In this case, without actual or constructive notice of a dangerous or defective condition, Ms. Redmond cannot prove that Walmart breached its duty to her under Maryland law. No reasonable jury could find in Ms. Redmond's favor on this point; Walmart is entitled to judgment as a matter of law. On this alternative basis, Walmart's Motion for Summary Judgment (ECF No. 28) is **GRANTED** and Ms. Redmond's Motion for Summary Judgment (ECF No. 24) is **DENIED**.

### 3. Walmart Did Not Admit Liability.

Ms. Redmond also suggests that the manager of the California Walmart store admitted liability after the incident, and that Walmart never denied liability during her communications with its Claims Department. *See* ECF No. 24 at 1-2. There is no evidence that Walmart ever admitted

liability for Ms. Redmond's injury. In her brief, Ms. Redmond states that Walmart's store manager asked her some questions after the incident, "apologized," and then advised her that "someone would be calling her from Walmart." ECF No. 24 at 2.

Ms. Redmond's arguments in her brief are not evidence. Fed. R. Civ. P. 56(c) (providing that a party asserting a fact must support it by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *see also Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (stating that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations" to succeed on summary judgment); *Reid v. MJ Logistics, LLC*, No. JMC-22-03112, 2024 WL 2302320, at *3 (D. Md. May 21, 2024) (explaining that the Court has an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.") (internal quotations omitted).

The only evidence that Ms. Redmond cites to support her argument that Walmart's store manager admitted liability on behalf of Walmart is (1) the witness statement of Walmart's manager, ECF No. 24-1 at 1 ("I was notified to come to the grocery side in the soda aisle, that a lady had sodas fall on her, when she was getting one down from the shelf."), (2) Ms. Redmond's own incident report, *id.* at 2 ("I reached up to get a 2 liter coke and 3 to 4 more bottles behind it fell down and hit my neck and shoulder on the right side."), (3) Walmart's statement confirming that the aisle in question did not have surveillance cameras, *id.* at 3, and (4) a claims form documenting Ms. Redmond's claimed injury, ECF No. 24-2. No reasonable jury could interpret this evidence to find that Walmart admitted liability.

### B. Motion to Add Exhibits and Amend

Two months after the parties' motions for summary judgment were ripe for decision, Ms. Redmond filed a "Motion to Add Exhibits and Amendment to Plaintiff's Motion for Summary Judgment" (ECF No. 33). Walmart opposed the motion. ECF No. 34. Ms. Redmond requests that the Court consider the non-existence of certain telephone records, as well as her attempts to obtain discovery from Walmart's claims file regarding her case. Discovery closed in this case on February 20, 2024. ECF No. 23. If Ms. Redmond had a concern about the way Walmart or a third party responded to her discovery requests, she was required to bring her dispute to the Court in a timely manner. *See* Loc. R. 104.8; Guideline 1(f), App'x A, Loc. R. Ms. Redmond's motion is untimely, being filed so long after the discovery deadline. On this basis alone, the Motion to Add Exhibits and Amendment to Plaintiff's Motion for Summary Judgment (ECF No. 33) is **DENIED**.

Alternatively, the motion is also denied because Ms. Redmond has not shown good cause to supplement her Motion for Summary Judgment. None of the exhibits attached to the motion have any bearing on whether a dangerous or defective condition existed on the day in question, or Walmart's knowledge of the condition. And the arguments made by Ms. Redmond in the motion are the same ones she made (or at least could have made) in her Motion for Summary Judgment. The Court's briefing schedule exists to allow the orderly presentation of evidence and argument. There is no meritorious reason to depart from the standard briefing schedule here. For this alternative reason, the motion (ECF No. 33) is **DENIED**

### IV. CONCLUSION

For these reasons, Ms. Redmond's Motion for Summary Judgment is **DENIED** (ECF No. 24), Walmart's Cross-Motion for Summary Judgment (ECF No. 28) is **GRANTED**, and Ms.

Redmond's Motion to Add Exhibits and Amend (ECF No. 33) is **DENIED**. An accompanying Order follows.

August 2, 2024 /s/
Date Timothy J. Sullivan
Chief United States Magistrate Judge