IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANDRA REDMOND, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-0236 |
| WALMART, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Sandra Redmond seeks reconsideration of the Court's order granting summary judgment to Defendant Walmart, Inc. ECF No. 37. But her motion repeats the same arguments she made before. Because the Court correctly determined that Walmart is entitled to summary judgment, the Court will not reconsider its ruling. The motion will be denied.

Ms. Redmond argues that she is entitled to reconsideration because Walmart has "act[ed] in bad faith," and she has experienced pain and suffering, and incurred damages from an injury that occurred at a Walmart store. *Id.* at 4-5. She restates the same arguments that she raised in opposition to Walmart's motion for summary judgment: the shelf that held the Coca Cola bottles was improperly slanted, she did not cause the bottles to fall, and Walmart admitted responsibility for her injuries. *Id.* at 1-2.

Ms. Redmond does not state the legal basis upon which her motion relies, but the Court will construe the Motion as one to alter or amend judgment pursuant to Rule 59. A motion to amend final judgment under Rule 59(e) may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir.

2007) (internal quotations omitted). "The decision to grant a Rule 59(e) motion is a matter within the broad discretion of the trial court." *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *1 (D. Md. Mar. 24, 2016) (citing *Pac. Ins. v. Am. Nat. Fire Ins.,* 148 F.3d 396, 402 (4th Cir. 1998)).

Ms. Redmond is not entitled to relief under Rule 59(e). There has been no intervening change in controlling law and there is no new evidence that would have warranted a different outcome. And Ms. Redmond has not shown the need for the Court to correct a clear error or manifest injustice. *Wagner*, 2016 WL 1169937, at *3 ("Clear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.") (internal quotation marks and citation omitted). The Court's ruling granting summary judgment to Walmart is correct. There was no evidence of a dangerous or defective condition, and no evidence that Walmart knew of such condition in sufficient time to warn its customers or repair it. Contrary to Ms. Redmond's arguments, Walmart never admitted liability. No reasonable jury could have found in Ms. Redmond's favor. For these reasons, the Motion is **DENIED**.

The Clerk of Court shall mail a copy of this Memorandum and Order to Ms. Redmond.

<u>October 1, 2024</u>       <u>      /s/                          </u>
Date       Timothy J. Sullivan
    Chief United States Magistrate Judge